Keith Dwight JOHNSON, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 00PDJ088.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

July 16, 2001.

**636**

Opinion by the Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members MARILYN J. DAVID and GUDRUN J. RICE.

**OPINION AND ORDER RE: REINSTATEMENT**

*REINSTATEMENT GRANTED*

This reinstatement hearing was heard on March 19, 2001, pursuant to C.R.C.P. 251.29(b) and (c) before the Presiding Disci-

plinary Judge ("PDJ") and two hearing board members, Marilyn J. David and Gudrun J. Rice, both members of the bar. James C. Coyle, Assistant Regulation Counsel, represented respondent, the People of the State of Colorado (the "People"). Leonard M. Chesler represented petitioner Keith Dwight Johnson ("Johnson"). The following witnesses testified on behalf of Johnson: Virginia Butler, John S. Tatum, Richard E. McGinn, and Suzanne M. Rogers. Johnson testified on his own behalf. Johnson's exhibits 1 through 16 were admitted into evidence by stipulation. At the conclusion of the one-day reinstatement hearing, Johnson requested that the record remain open until May 18, 2001 for the submission of an Independent Medical Evaluation ("IME") and an assessment by the treatment coordinator of the Office of Attorney Regulation Counsel. The People did not object and the PDJ granted Johnson's request. On May 18, 2001, Johnson submitted the report of Michael H. Gendel, M.D. and a confidential evaluation dated March 21, 2001 by Cathy A. Fox, M.A., CA-CII, Treatment Coordinator of the Office of Attorney Regulation Counsel. On June 4, 2001, the People filed a Response to Submission of Independent Medical Examination and advised the PDJ and Hearing Board that the People supported Johnson's request for reinstatement to the practice of law and requested that Dr. Gendel's recommendations be imposed as conditions of reinstatement.

The PDJ and Hearing Board considered the testimony and exhibits admitted, assessed the credibility of the witnesses, and made the following findings of fact which were established by clear and convincing evidence.

**I. FINDINGS OF FACT**

Johnson has taken the oath of admission and was admitted to the bar of this court on December 12, 1978, and is registered upon the official records of this court, attorney registration no. 09305. He is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

Johnson was suspended from the practice of law on October 15, 1997 for a period of one

year and one day. *See People v. Johnson,* 944 P.2d 524 (Colo.1997). Johnson's suspension arose from the stipulated facts set forth in the Stipulation, Agreement and Conditional Admission of Misconduct (the "Stipulation") in which Johnson admitted that he neglected client matters, failed to segregate and deposit client funds in a trust account, failed to keep client account records, failed to account for client funds upon request and failed to surrender client property upon termination of representation. The Stipulation also admitted that Johnson engaged in a series of insufficient fund transactions in both his personal and client fund accounts, engaged in conduct adversely reflecting on his fitness to practice law, and engaged in conduct prejudicial to the administration of justice by failing to appear for his deposition, failing to respond to written discovery and failing to pay court-assessed attorney fees in a malpractice action.

The original order of suspension specifically provided that prior to reinstatement, Johnson must establish that there are no medical, psychological, or emotional conditions that impair his ability to fulfill his responsibilities as a lawyer. The order also required that Johnson repay one of his former clients, Douglas Osmon, $240 plus interest prior to reinstatement and, if reinstated, comply with certain conditions.

At the commencement of the reinstatement hearing, the parties stipulated that Johnson has not practiced law since the date of his suspension, has paid all costs of the prior disciplinary proceeding, has paid all costs in the underlying malpractice case, has given notice to his clients of his suspension in accordance with C.R.C.P. 241.21.[1] and has given notice to opposing parties in litigation and filed the requisite affidavit with the Supreme Court. Johnson was unable to locate his prior client Douglas Osmon during the period of his suspension and paid the amount due to that client into a trust account held by his attorney, Leonard Chesler, for disbursement to Douglas Osmon once located. Johnson made reasonable efforts to locate Douglas Osmon prior to the reinstatement hearing.[2]

The misconduct which led to Johnson's suspension in 1997, in large part, was the result of his abuse of alcohol. Since his suspension, Johnson has received medical and psychiatric treatment for his addiction, has joined Alcoholics Anonymous ("AA"), has faithfully attended their treatment programs and now has been alcohol free for a substantial period of time. Johnson attended AA meetings daily for eighteen months, three times per week during 2000 and presently has daily AA contact. Johnson is sincere in his desire to remain alcohol free.

Johnson has audited courses at the University of New Mexico Law School and listened to Continuing Legal Education courses on audio tape involving family law, beginning a law office practice and managing a sole practice, and demonstrated an understanding of the courses' contents. The courses taken by Johnson were, in part, focused upon the control of client funds, communication with clients and issues relating to neglect of client matters. Johnson currently understands the need for attention to client matters, the necessity of proper handling of client funds and recognizes that his prior misconduct was improper and detrimental both to his clients and the profession.

The IME report of Dr. Gendel and the Confidential Evaluation of Cathy A. Fox both support Johnson's self-assessment that he presently suffers from no medical, psychiatric or emotional condition that would impair his ability to fulfill his responsibilities as a lawyer. Dr. Gendel concluded that Johnson's alcohol dependence is in sustained remission and Johnson acknowledges responsibility for his prior misconduct. Ms. Fox also reports that Johnson is in sustained remission from his alcohol dependence. Neither Dr. Gendel nor Ms. Fox identified any present medical, psychiatric or emotional problems which would prevent Johnson from fulfilling his responsibilities as a lawyer. Both

---

1. C.R.C.P. 241.21 was repealed and replaced by C.R.C.P. 251.28 effective January 1, 1999.

2. Mr. Chesler was successful in locating Douglas Osmon before the record closed in this case on May 18, 2001, and Johnson repaid him the $240 plus interest.

Dr. Gendel and Ms. Fox, however, recommended that Johnson be required to submit to random drug screening for a period of one year following reinstatement to confirm that he remains alcohol free.

The witnesses who testified on Johnson's behalf all confirmed that he is trustworthy, has engaged in a range of community and support activities during the last three years, displays the character necessary of attorneys and is deserving of reinstatement. Two of the attorneys who testified on his behalf volunteered their efforts to act as Johnson's monitor if required by the reinstatement board.[3] The fact that two of the testifying attorneys volunteered to act as Johnson's monitor strongly attests to their belief in Johnson's rehabilitation from his prior alcohol abuse.

## II.  CONCLUSIONS OF LAW

Initiation of the reinstatement process begins with the submission of a Verified Petition for Reinstatement. C.R.C.P. 251.29(c) requires that the attorney's Petition for Reinstatement set forth, in part:

(3) The facts other than passage of time and absence of additional misconduct upon which the petitioning attorney relies to establish that the attorney possesses all of the qualifications required of applicants for admission to the Bar of Colorado, fully considering the previous disciplinary action taken against the attorney;[4]

(4) Evidence of compliance with all applicable disciplinary orders and with all provisions of this Chapter regarding actions required of suspended attorneys;

(5) Evidence of efforts to maintain professional competence through continuing legal education or otherwise during the period of suspension.

The attorney seeking reinstatement must establish the three elements set forth in the rule by clear and convincing evidence. *See*

C.R.C.P. 251.29(d). A petitioning attorney's failure to satisfy the standard of proof has dire consequences: the attorney who is unable to meet the requisite burden of proof may not reapply for reinstatement for a period of two years following the denial of a previous petition. *See* C.R.C.P. 251.29(g).

C.R.C.P. 251.29(b) sets forth the test which must be met during a reinstatement proceeding in order to authorize reinstatement to the practice of law. It provides, in relevant part:

An attorney who has been suspended ... must file a petition with the Presiding Disciplinary Judge for reinstatement and must prove by clear and convincing evidence that the attorney has been rehabilitated, has complied with all applicable disciplinary orders and with all provisions of this chapter, and is fit to practice law.[5]

■ Thus, an attorney who has been suspended from the practice of law must bear the burden of proving that he or she is: (1) rehabilitated; (2) has complied with all applicable disciplinary orders and all provisions of the Colorado Rules of Civil Procedure relating to attorney discipline regarding actions required of suspended attorneys, and (3) is fit to practice law. All three of the elements of proof must be established before reinstatement may be authorized. *See Goff v. People,* 35 P.3d 487 (Colo. PDJ 2000), 29 Colo. Law 126, 129 (October 2000), 2000 Colo. Discipl. LEXIS 7.

■ *People v. Klein,* 756 P.2d 1013, 1016 (Colo.1988) interprets the language of the prior reinstatement rule, C.R.C.P. 241.22, and sets forth criteria which must be considered in reinstatement proceedings in order to evaluate an attorney's rehabilitation. The holding in *Klein* requires: .

[A]ny determination of that issue [rehabilitation] must include consideration of numerous factors bearing on the respondent's state of mind and ability, such as character, conduct since the imposition of the original discipline, professional compe-

---

**3.** Johnson's attorney, Mr. Chesler, also volunteered to act as Johnson's monitor if necessary.

**4.** This subsection incorporates the concept that neither the passage of time nor the absence of additional misconduct, standing alone, is suffi-

cient to establish rehabilitation. *See In re Sharpe,* 499 P.2d 406, 409 (Okla.1972).

**5.** Reinstatement proceedings are conducted before a hearing board as required by C.R.C.P. 251.29(d).

tence, candor and sincerity, recommendations of other witnesses, present business pursuits of the respondent, the personal and community service aspects of the respondent's life, and the respondent's recognition of the seriousness of his previous misconduct.

■ Johnson has demonstrated by clear and convincing evidence that he is rehabilitated and has complied with all disciplinary orders. Johnson has taken genuine and meaningful efforts to address and correct the substance abuse problem that led to his original misconduct and that substance · abuse problem is currently in sustained remission. To the extent rehabilitation from substance abuse can be effected, Johnson has succeeded in doing so.

■ The Stipulation stating that Johnson has complied with all prior disciplinary orders establishes that portion of the three-part reinstatement test. The only remaining portion of the reinstatement board's determination is whether Johnson is fit to practice law.

■ Johnson's self report, as well as the evidence submitted by the mental health professionals, demonstrate that Johnson currently suffers from no medical, psychiatric or emotional difficulty which would prevent him from fulfilling his duties and responsibilities as an attorney. He has undertaken courses of study to remain current in the law and has focused a portion of those studies upon the nature of the misconduct which resulted in his prior suspension. Assessing fitness to practice law requires the reinstatement board to examine all prior discipline, including discipline which predates the discipline for which the reinstatement hearing is required.

■ In 1989 Johnson received a Letter of Admonition ("LOA") involving his failure to adequately prepare for a hearing. That misconduct—like the misconduct for which Johnson was eventually suspended—occurred during the period of time when he was abusing alcohol. Because the LOA misconduct is of the same nature and occurred during the same time period as the conduct for which he was suspended, the reinstatement board's analysis of his rehabilitation is applicable to that prior misconduct.

■ The evidence admitted in this reinstatement hearing establishes by clear and convincing evidence that Johnson is rehabilitated, has complied with all disciplinary orders and is fit to practice law. Pursuant to C.R.C.P. 251.29 Johnson is eligible to be reinstated to the practice of law. Although conditions should not ordinarily be imposed upon an attorney's reinstatement to the practice of law, because the Stipulation, Agreement and Conditional Admission of Misconduct was approved by the Supreme Court before the 1999 changes to the attorney regulation system were adopted, the reinstatement board incorporates the conditions outlined in the suspension order as part of Johnson's reinstatement order.

■ In addition, based upon the ever-present possibility that Johnson's alcohol abuse might return, the reinstatement board also imposes two additional conditions upon Johnson's reinstatement: (1) Johnson shall abstain from all alcohol and non-prescription drug use and (2) Johnson shall submit to random drug testing for a period of twelve months. During the twelve months immediately following reinstatement, Johnson will submit to not more than twelve random drug tests at the discretion of the Office of Attorney Regulation Counsel. In the event any one or more of those tests reflect the use of alcohol or illegal drug use, this reinstatement order is subject to revocation upon the motion of the People and supported by a preponderance of the evidence.

### III. ORDER

It is therefore, ORDERED:

1. Keith Dwight Johnson is reinstated to the practice of law effective thirty-one days from the date of this order subject to the following conditions:

A. [Johnson shall] submit a plan through which the management of [Johnson's] clients' legal matters and his professional progress will be monitored by another lawyer for two years after reinstatement. Any such plan should permit [Johnson] to

apply to the [Office of Attorney Regulation Counsel] for termination of monitoring upon [a] showing that it is no longer necessary; and

B. [Johnson] will maintain the following minimum records as to all bank accounts instituted or utilized by him, including specifically a COLTAF trust account, in any fashion whatsoever in the practice of law:

(i) original or duplicate deposit slips and cash receipts book, clearly identifying the date and source of all funds received and the client or matter for which the funds were received;

(ii) original canceled checks, all of which must be numbered consecutively;

(iii) other documentary support for all disbursements and transfers from the account;

(iv) a separate cash receipts and disbursements journal, including columns for receipts, disbursements, transfers and the account balance, and containing at least an identification of the client or matter for which the funds are received, disbursed, or transferred; the date on which all funds were received, disbursed or transferred; the check number for all disbursements; the reason for which all funds were received, disbursed or transferred;

(v) a separate file or ledger with individual entries for each client or matter showing all individual receipts, disbursements, or transfers in any unexpected balance, and containing the identification of the client or the matter for which the funds were received, disbursed or transferred; the date on which all funds were received, disbursed or transferred; the check number for all disbursements; and the reason for which all funds were received, disbursed or transferred; and

(vi) all monthly statements for all accounts.

C. [Johnson] shall also direct any financial institution where he is a signatory on any bank account utilized in the practice of law to notify [the Office of Attorney Regulation Counsel] 600 17th Street, Suite 200–South, Denver, Colorado 80202, in the event any law firm or trust account check is returned due to insufficient funds or uncollected funds, absent bank error. Further, if any such check is returned, [Johnson] shall likewise notify [the Office of Attorney Regulation Counsel].

D. [Johnson] shall file a written report with [the Office of Attorney Regulation Counsel] each year for a period of three years [from the date of this Order] regarding the satisfactory maintenance of the financial aspect of his law practice and demonstrating his compliance with the conditions set forth above. The report shall contain the certificate of a certified public accountant verifying that the procedures set forth above were followed and that an audit demonstrated no irregularities in the handling of the operating and trust accounts. Said audit and report shall be conducted and complied with at [Johnson's] sole expense.

*People v. Johnson,* 944 P.2d 524, 528–529 (Colo.1997).

E. (1) Johnson shall abstain from all alcohol and non-prescription drug use and (2) Johnson shall submit to random drug testing for a period of twelve months. During the twelve months immediately following reinstatement, Johnson will submit to not more than twelve random drug tests at the discretion of the Office of Attorney Regulation Counsel. In the event any one or more of those tests reflect the use of alcohol or illegal drug use, this reinstatement order is subject to revocation upon the motion of the People and supported by a preponderance of the evidence.

2. Johnson shall pay all the costs of the reinstatement proceeding. Respondent shall file a Statement of Costs or Notice that costs have been paid within fifteen (15) days of the date of this Order. Petitioner shall have five (5) days thereafter to file a Response.

**KEITH DWIGHT JOHNSON,** attorney registration number **09305 is reinstated to the practice of law effective August 16, 2001,** thirty-one days from the date of this Order.